MCGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ABEL MACIAS-CONTRERAS, <br><br> Defendants. | CASE NO. 2:18-CR-219-MCE <br><br> STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER <br><br> DATE: July 25, 2019 <br> TIME: 10:00 a.m. <br> COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

1.  By previous order, this matter was set for status on July 25, 2019.

2.  By this stipulation, counsel for the United States, James R. Conolly, and counsel for defendant Abel Macias-Contreras (a.k.a. Gonzalez-Osegura), Clemente Jiménez, move to continue the status conference for Mr. Macias-Contreras until September 19, 2019, and to exclude time between July 25, 2019, and September 19, 2019, under Local Codes A and T4.

3.  The parties agree and stipulate, and request that the Court find the following:

    a)  This matter came before the Court for a status conference on January 3, 2019, at 10:00 a.m. Defense counsel expressed his concern about the defendant's ability to assist in his own defense and, pursuant to 18 USC § 4241(a), orally moved for the Court to order an evaluation of Defendant's competency. After further inquiry from the court, in addition to the concerns articulated by defense counsel, and based on Defendant's in-court behavior, the Court ordered the Defendant evaluated pursuant to 18 U.S.C. §§ 4241(b) and 4247(c).

STIPULATION TO CONTINUE STATUS AND EXCLUDE
TIME; ORDER

1

b) Defendant arrived at the Metropolitan Correctional Center (MCC), in San Diego, on April 26, 2019.

c) On May 14, 2019, medical staff from the MCC wrote to this Court, recommending that Defendant be evaluated at a Federal Medical Center. Citing Defendant's behavior, and the limited resources available to the MCC, the letter indicated that the ability to assess Defendant more reliably and Defendant's chance to improve would both be best served by Defendant's transfer to a Federal Medical Center.

d) The parties are in the process of conferring about how to proceed, in light of the fact that the MCC has recommended the Defendant undergo further competency evaluation. The parties therefore agree that it would be appropriate to exclude time under Local Code A, because it is delay that results from an examination to determine Defendant's mental competency.

e) In addition, the government has represented that it has produced discovery in the form of investigative reports and photographs, which the defendant needs further time to review, discuss with his counsel, and pursue investigation.

f) Counsel for the defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 25, 2019 to September 19, 2019, inclusive, should be deemed excludable pursuant to 18 U.S.C. §§ 3161(a)(1)(A) (Local Code A), and pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at Defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: July 18, 2019  McGREGOR W. SCOTT
United States Attorney

/s/ *James R. Conolly*
JAMES R. CONOLLY
Assistant United States Attorney

Dated: July 18, 2019  /s/ *Clemente Jiménez*
CLEMENTE JIMÉNEZ
Assistant Federal Defender
Counsel for Defendant
Abel Macias-Contreras

**ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefore, adopts the parties' stipulation in its entirety as its order. The Court finds specifically that the requested continuance is delay that results from an examination to determine the mental competency of the defendant. The Court also finds specifically that the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds the ends of justice are served by granting the requested continuance and outweigh the best interests of the public and defendant in a speedy trial.

Time from the date the parties stipulated, up to and including September 19, 2019, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(1)(A) [Local Code A], and 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) [Local Code T4]. It is further ordered that the July 25, 2019 status conference shall be continued until September 19, 2019, at 9:30 a.m.

IT IS SO ORDERED.

Dated: July 23, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE