1  McGREGOR W. SCOTT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ABEL MACIAS-CONTRERAS,<br><br>　　　　　Defendants. | CASE NO. 2:18-CR-219-MCE<br><br>SECOND AMENDED STIPULATION REQUESTING TO HAVE DEFENDANT COMMITTED TO THE CUSTODY OF THE ATTORNEY GENERAL; ORDER<br><br>DATE: October 17, 2019<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

1. By previous order, this matter was set for status on October 17, 2019.

2. By this amended stipulation, counsel for the United States, James R. Conolly, and counsel for defendant Abel Macias-Contreras (a.k.a. Gonzalez-Osegura), Clemente Jiménez, move to continue the status conference for Mr. Macias-Contreras until March 19, 2020, and to exclude time between October 17, 2019, and March 19, 2020, under Local Codes A and N.

3. The parties agree and stipulate, and request that the Court find the following:

a) This matter came before the Court for a status conference on January 3, 2019, at 10:00 a.m. Defense counsel expressed his concern about the defendant's ability to assist in his own defense and, pursuant to 18 USC § 4241(a), orally moved for the Court to order an evaluation of the defendant's competency. After further inquiry from the court, in addition to the concerns articulated by defense counsel, and based on the defendant's in-court behavior, the Court ordered

the defendant evaluated pursuant to 18 U.S.C. §§ 4241(b) and 4247(c).

b) On April 9, 2019, after further inquiry from the Court, which indicated that the defendant had not yet been transferred to a suitable facility for evaluation, the Court continued the status conference and again ordered an evaluation of defendant Abel Macias-Contreras' mental competency to stand trial, pursuant to 18 U.S.C. §§ 4241(b) and 4247(c). ECF 14. The defendant arrived at the U.S. Bureau of Prisons (BOP), Metropolitan Correctional Center (MCC), in San Diego, on April 26, 2019.

c) On May 14, 2019, medical staff from the MCC wrote to this Court, recommending that Defendant be evaluated at a Federal Medical Center for further treatment. Citing the defendant's behavior, and the limited resources available to the MCC, the letter indicated that the ability to assess the defendant more reliably, and the defendant's chances to improve, would be best served by the defendant's transfer to a Federal Medical Center.

d) Given the letter's conclusions, counsel for both the government and the defendant agreed with the recommendation that Mr. Macias-Contreras be committed to the custody of the Attorney General for hospitalization in a federal medical facility for further evaluation and treatment for restoration to competency, pursuant to 18 U.S.C. § 4241(d).

4. The parties therefore jointly request that the Court, after reviewing the letter from BOP Forensic & Clinical Psychologist Alicia Gilbert Ph.D., dated May 14, 2019, and the stipulation of the parties, find that:

a) By a preponderance of the evidence, the defendant is presently suffering from a mental disease or defect rendering him unable to assist properly in his own defense; and

b) That, pursuant to 18 U.S.C. § 4241(d), the defendant should be committed to the custody of the Attorney General for hospitalization for treatment in a suitable facility for:

    i. A reasonable amount of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

    ii. An additional reasonable period of time until (A) his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial

probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law, whichever is earlier.

   iii. That the ends of justice served by committing the defendant to the custody of the Attorney General, for the purposes set forth above and in 18 U.S.C. § 4241(d), outweigh the interest of the public and the defendant in a speedy trial.

 a) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 17, 2019 to March 19, 2020, inclusive, should be deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(A) [Local Code A] and 3161(h)(4) [Local Code N] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: October 15, 2019

      McGREGOR W. SCOTT
      United States Attorney

      /s/ *James R. Conolly*
      JAMES R. CONOLLY
      Assistant United States Attorney

Dated: October 15, 2019

      /s/ *Clemente Jiménez*
      CLEMENTE JIMÉNEZ
      Counsel for Defendant
      Abel Macias-Contreras

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-219-MCE |
|---|---|
| Plaintiff, | ORDER COMMITTING THE DEFENDANT TO CUSTODY OF THE ATTORNEY GENERAL; EXCLUSION OF TIME |
| v. | |
| ABEL MACIAS CONTRERAS, | |
| Defendant. | |

On April 9, 2019, the Court ordered an evaluation of defendant Abel Macias-Contreras' mental competency to stand trial, pursuant to 18 U.S.C. § 4241(b). ECF 14. Mental health personnel at the U.S. Bureau of Prisons (BOP), Metropolitan Correctional Center, in San Diego, conducted that evaluation and sent a letter to the Court, on May 14, 2019, recommending that the defendant be transferred to a Federal Medical Center for further evaluation and treatment.

Citing the defendant's behavior, and the limited resources available to the MCC, the letter indicated that the ability to assess the defendant more reliably, and the defendant's chances to improve, would be best served by the defendant's transfer to a Federal Medical Center. Given the letter's conclusions, counsel for both the government and the defendant have filed a stipulation agreeing with the recommendation that the defendant be committed to the custody of the Attorney General for hospitalization in a Federal Medical Center for further evaluation and treatment for restoration to competency, pursuant to 18 U.S.C. § 4241(d).

The Court, after reviewing the letter from BOP Forensic & Clinical Psychologist Alicia Gilbert Ph.D., dated May 14, 2019, and the stipulation of the parties, finds:

(1) By a preponderance of the evidence, that Mr. Macias-Contreras, a.k.a. Gonzalez-Oseguera, is presently suffering from a mental disease or defect rendering him unable to assist properly in his own defense;

(2) That, pursuant to 18 U.S.C. § 4241(d), Mr. Macias-Contreras should be committed to the custody of the Attorney General for hospitalization for treatment in a suitable facility; and

(3) That the ends of justice served by committing the defendant to the custody of the Attorney General, for the purposes set forth above and in 18 U.S.C. § 4241(d), outweigh the interest of the public and the defendant in a speedy trial.

The Court therefore ORDERS, pursuant to 18 U.S.C. § 4241(d), the defendant to be committed to the custody of the Attorney General for treatment in a suitable facility for:

(1) A reasonable amount of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) An additional reasonable period of time until (A) his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law, whichever is earlier.

///
///
///
///
///
///
///
///
///

The Court FURTHER ORDERS that:

(3) A further status conference in this matter is set for March 19, 2020, at 10:00 a.m. before this Court; and

(4) The time between October 14, 2019, and March 19, 2020, inclusive, is excluded from the computation of time within which trial must commence, under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(1)(A) [Local Code A] and 3161(h)(4) [Local Code N].

IT IS SO ORDERED.

Dated: October 28, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE