McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-219-MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| ABEL MACIAS-CONTRERAS, a.k.a. Victor Manuel Gonzalez-Osegura. a.k.a. Victor Manuel Gonzalez-Oseguera, a.k.a. Gabriel Farias-Lopez | DATE: January 14, 2021 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

This case was set for a status conference on January 14, 2021. By this stipulation, the parties request that the Court continue the status conference to February 11, 2021, and to exclude time under Local Codes A and N, as well under the Court's General Orders, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

## STIPULATION

1. By this stipulation, counsel for the United States, James R. Conolly, and counsel for defendant Abel Macias-Contreras (a.k.a. Gonzalez-Osegura), Clemente Jiménez, move to continue the status conference for Mr. Macias-Contreras until February 11, 2021, and to exclude time between January 14, 2021, and February 11, 2021, under Local Codes A and N, and pursuant to the Court's General Orders.

2. The parties agree and stipulate, and request that the Court find the following:

a) On October 28, 2019, pursuant to 18 U.S.C. § 4241(d), the Court ordered that defendant be committed to the custody of the Attorney General for treatment in a suitable facility, and excluded time for the purposes of the Speedy Trial Act under 18 U.S.C. §§ 3161(h)(1)(A) [Local Code A] and 3161(h)(4) [Local Code N].  ECF 24.

b) At the time of writing, the defendant's competency evaluation at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri has been completed.  It is the parties' understanding that the U.S. Marshal's Service is in the process of transporting the defendant back to the Eastern District of California, that he has not yet arrived in the district, and that the U.S. Marshal's Service anticipates his arrival in February 2021.

c) Once the defendant arrives in the district, defense counsel will need time to meet with him and to discuss the case, including potential avenues for resolution.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 14, 2021 to February 11, 2021, inclusive, should be deemed excludable pursuant the Court's General Orders, and pursuant to 18 U.S.C. §§ 3161(h)(1)(A) [Local Code A] and 3161(h)(4) [Local Code N] because it results from a continuance granted by the Court for the purpose of evaluation and treatment of the defendant in regard to his mental competency.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| Dated: January 11, 2021 | McGREGOR W. SCOTT<br>United States Attorney |
|---|---|
| | /s/ *James R. Conolly*<br>JAMES R. CONOLLY<br>Assistant United States Attorney |
| Dated: January 11, 2021 | /s/ *Clemente Jiménez*<br>CLEMENTE JIMÉNEZ<br>Counsel for Defendant<br>Abel Macias-Contreras |

**ORDER**

IT IS SO ORDERED.

Dated: January 14, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER THE SPEEDY TRIAL ACT; ORDER

4