CLEMENTE M. JIMÉNEZ, ESQ.
California State Bar Number 207136
431 I Street, Suite 102
Sacramento, CA 95814
(916) 443-8055

Attorney for Abel Macias-Contreras

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-219-MCE |
|---|---|
| Plaintiff, | |
| v. | STIPULATION TO CORRECT SENTENCE UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 36; FINDINGS AND ORDER |
| ABEL MACIAS-CONTRERAS, a.k.a. Victor Manuel Gonzalez-Oseguera, | |
| Defendant. | |

The United States, through its undersigned counsel, Assistant United States Attorney James Conolly, and the defendant, Victor Gonzalez-Oseguera, a.k.a. Abel Macias-Contreras, through his undersigned counsel, Clemente Jiménez, request by this stipulation that the Court correct Gonzalez-Oseguera's sentence to include that his federal sentence should run concurrently to the state term of imprisonment that arose from the same arrest as the offense for which he was convicted in this case.

At the time the defendant was sentenced in this matter, the defendant was subject to an ensuing state sentence resulting from other offenses that arose from the same arrest as his offense of conviction in this Court. Though Mr. Gonzalez-Oseguera had been transferred to the physical custody of the US Marshals from Siskiyou County in October 2018, Siskiyou County never relinquished formal custody of Mr. Gonzalez-Oseguera. This fact was unknown to the parties at the time and remained unknown to them at the time of sentencing in his federal case. The parties did not bring to the Court's attention the prospect of a state sentence in Siskiyou County, and, as a result, the Court did not order its sentence to

run concurrently to any related state sentence or apply United States Sentencing Guideline § 5G1.3(c), the application of which would have directed the sentence to run concurrently to the anticipated state term of imprisonment. It was the intention of all parties involved – the government, counsel for Mr. Gonzalez-Oseguera in federal proceedings, the Siskiyou County District Attorney's Office, and defense counsel for Mr. Gonzalez-Oseguera in his state proceedings – that his state and federal sentences run concurrently.  Attached for the Court's reference as Exhibit A is the Minute Order from Siskiyou County case number 18F1496, on which it is written that the sentence is to run "concurrent w/ Federal Case." Exhibit A at 1.

By this stipulation, the parties now request that the Court correct this omission, pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36"), by including in the judgment that the federal sentence of 33 months should run concurrently to any state sentence resulting from offenses that arose from the same arrest as the instant offense.

## STIPULATION

The parties stipulate to the following:

1. On September 26, 2018, Gonzalez-Oseguera was arrested in Siskiyou County and charged with certain state offenses, including violations of Penal Code §29800(1), being a felon in possession of a firearm, Vehicle Code §31, giving false information to a peace officer, Penal Code §148.9(a), false identification to specific peace officers, Penal Code §529, false personation, Penal Code §25850(a), carrying a loaded firearm, Penal Code §25400(a), carrying a concealed weapon, VC §12500(a), unlicensed driver, Penal Code §530.5(a), identity theft, and Penal Code §483.5(a), possession of a deceptive document.

2. On October 23, 2018, the United States charged Gonzalez-Oseguera by complaint with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), based on the same conduct that prompted his arrest in Siskiyou County.  Gonzalez-Oseguera was brought before this Court and made his initial appearance on the complaint on October 24, 2018.  The Siskiyou County District Attorney's Office did not move the California Superior Court to dismiss the state charges against Gonzalez-Oseguera at that time, however, and the state therefore retained primary jurisdiction. *Taylor v. Reno*, 164 F.3d 440, 444-45 (9th Cir. 1998) (the state retains "primary jurisdiction" over an inmate

serving state time despite the inmate's transfer to federal custody for prosecution).

      3.    A federal grand jury indicted Gonzalez-Oseguera on a single count of violating 18 U.S.C. § 922(g), on November 1, 2018.  ECF No. 9.  The United States did not seek indictment on any other charges arising from the same arrest.

      4.    On February 4, 2021, Gonzalez-Oseguera pleaded guilty to the federal indictment.  ECF No. 50.

      5.    On March 25, 2021, this Court sentenced Gonzalez-Oseguera to a term of 33 months' incarceration in federal prison for his violation of 18 U.S.C. § 922(g).  ECF No. 59.  This sentence represented the high end of the guideline range under the U.S. Sentencing Guidelines.  Presentence Investigation Report (ECF No. 58) at 18.

      6.    At the time this Court sentenced Gonzalez-Oseguera, the state charges in Siskiyou County remained pending.  The parties anticipated that Siskiyou County District Attorney's Office would seek conviction for the remaining state charges arising from that same arrest and Gonzalez-Oseguera would be sentenced to serve a state term of imprisonment on those charges.

      7.    On May 18, 2021, Gonzalez-Oseguera pleaded guilty in the California Superior Court for the County of Siskiyou to a felony charge of Penal Code §114 and a misdemeanor charge of Penal Code §530.5(a).  As recommended by his plea agreement, the state court sentenced Gonzalez-Oseguera to five years' incarceration, to run concurrently to any federal sentence.

      8.    Had the parties anticipated at the time of sentencing that Mr. Gonzalez-Oseguera would later receive a state sentence for other charges arising from the same incident of arrest, the Court could have either applied U.S.S.G. § 5G1.3(c) to indicate that the federal sentence should run concurrently to any anticipated state sentence, or simply stated that the sentence should run concurrently to any related state sentence.

      8.    Given that the parties did not inform the Court of the anticipated state sentence, the parties jointly request that the Court, under the authority of Rule 36, correct this omission by amending the judgment to indicate that Gonzalez-Oseguera's 33-month term of imprisonment run concurrently to any state sentence arising from the same arrest.

      IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  November 19, 2021 | PHILLIP A. TALBERT<br>Acting United States Attorney<br><br>/s/ JAMES R. CONOLLY<br>JAMES R. CONOLLY<br>Assistant United States Attorney |
| Dated:  November 19, 2021 | /s/ CLEMENTE JIMÉNEZ<br>CLEMENTE JIMÉNEZ<br>Counsel for Defendant<br>ABEL MACIAS-CONTRERAS,<br>AKA, VICTOR GONZALEZ-OSEGUERA |

### FINDINGS AND ORDER

The Court, having read the forgoing stipulated facts and the parties' request, and finding good cause based thereon, hereby ORDERS, pursuant to Federal Rule of Procedure 36, that the judgment entered against the defendant in this matter be amended to indicate that the 33-month term of incarceration imposed run <u>concurrently</u> to any state sentence arising from the same conduct as the count of conviction in this case.

IT IS SO FOUND AND ORDERED this 24th day of November 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE